UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| OLGA C. ORTIZ-VAZQUEZ, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 19-1635-WGY |
| AON RISK SERVICES OF | ) |
| PUERTO RICO, INC., | ) |
| Defendant. | ) |

YOUNG, D.J.[1]                                          June 1, 2021

**ORDER**

Defendant Aon Risk Services of Puerto Rico, Inc.'s ("Aon") Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) of the Federal Rules of Civil Procedure is DENIED. "Rule 12(c) allows a party to move for judgment on the pleadings at any time '[a]fter the pleadings are closed but within such time as not to delay the trial.'" R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006) (quoting Fed. R. Civ. P. 12(c)). "But, because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable

---

[1] Of the District of Massachusetts, sitting by designation.

inferences in his favor." <u>Rivera-Gomez</u> v. <u>de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988) (citation omitted).  To be sure, "[t]here is no resolution of contested facts in connection with a Rule 12(c) motion: a court may enter judgment on the pleadings only if the properly considered facts conclusively establish the movant's point."[2] <u>R.G. Fin. Corp.</u>, 446 F.3d at 182 (citing <u>Rivera-Gomez</u>, 843 F.2d at 635).  Put another way, this Court "may not grant a . . . Rule 12(c) motion unless it appears beyond doubt that . . . [the nonmovant] . . . can prove no set of facts in support of . . . [her]. . . claim which would entitle [her] to relief." <u>Rivera-Gomez</u>, 843 F.2d at 635 (quotations omitted).  Viewed in the context of these standards the motion for judgment on the pleadings must be denied.[3]

---

[2] "The court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." <u>R.G. Fin. Corp.</u>, 446 F.3d at 182.  Here, outside of the pleadings, the Court only considers the certified translation of the Settlement Agreement and General Release ("the Release").  Mot. J. Pleadings Pursuant Fed. R. Civ. P. 12(c) Federal Rules Civil Procedure, Ex. 1, Settlement Agreement & General Release, ECF No. 7-1.  The parties do not dispute its inclusion in the record for this motion, and therefore it is considered without converting the motion to a motion for summary judgment.  <u>See</u> <u>Zabala-de Jesus</u> v. <u>Sanofi Aventis P.R., Inc.</u>, Civil No. 15-1803 (BJM), 2017 WL 972100, at *1 (D.P.R. Mar. 13, 2017).

[3] Ortiz brings three claims: (1) Age Discrimination in Employment Act, 29 U.S.C. § 621 <u>et seq.</u> ("ADEA") (First Cause of Action); (2) Law 100, P.R. Laws Ann. tit. 29, § 146 <u>et seq.</u> ("Law 100") (Second Cause of Action); and (3) Law 80, P.R. Laws Ann. tit. 29, § 185a <u>et seq.</u> ("Law 80") (Third Cause of Action).

Aon argues that plaintiff Olga C. Ortiz-Vazquez ("Ortiz")
signed a Release that "complies with all the minimum
requirements set forth by the OWBPA [Older Workers Benefit
Protection Act, 29 U.S.C. §§ 626(f)(1)(A)-(H)]," and, "[b]y
doing so . . . knowingly and voluntarily waived her ADEA
claims." Mot. J. Pleadings Pursuant Fed. R. Civ. P. 12(c)
Federal Rules Civil Procedure 5, ECF No. 7; see id. Ex. 1,
Settlement Agreement & General Release ("the Release"), ECF No.
7-1. Even assuming, without ruling, that the Release was
compliant under the OWBPA, the First Circuit recently held that
"[a]n OWBPA-compliant waiver or release must also be knowing and
voluntary under federal common law." Geoffroy v. Town of
Winchendon, 959 F.3d 1, 7 (1st Cir. 2020) (emphasis added). The
federal common law test is determined by applying a "totality-
of-the-circumstances test," including "a non-exhaustive set of
six factors: (1) plaintiff's education and business experience;
(2) the respective roles of the employer and employee in the
determining the provisions of the waiver; (3) the clarity of the
agreement; (4) the time plaintiff had to study the agreement;
(5) whether plaintiff had independent advice, such as that of
counsel; and (6) the consideration for the waiver." Id. at 8.
"No single factor is dispositive or necessary." Id. Aon has
made no showing on the knowing and voluntary factors under
federal common law, but rather conflates the minimum OWBPA

[3]

requirements with the knowing and voluntary analysis.  Absent
such showing -- viewing the pleadings in favor of Ortiz and
drawing all reasonable inferences in her favor -- the motion for
judgment on the pleadings as to the ADEA claim, First Cause of
Action, is DENIED.[4]

Ortiz's Puerto Rico law claims also survive the motion for
judgment on the pleadings.  Aon argues that Puerto Rico law
employment claims under Law 100 and Law 80 can be released or
settled under the concept of "compromise."  Under Puerto Rico
law, "a 'compromise' is a particular species of contract used to
resolve disputes involving litigation or the potential for
litigation."  Citibank Glob. Mkts., Inc. v. Rodríguez Santana,
573 F.3d 17, 23 (1st Cir. 2009) (citing P.R. Laws Ann. tit. 31,
§ 4821 ("A compromise is a contract by which each of the parties
in interest, by giving, promising, or retaining something,
avoids the provocation of a suit, or terminates one that has
already been instituted.")).

The Court need not, and does not, resolve whether the
elements of a compromise are satisfied because, in the first
instance, the pleadings reveal disputed allegations of
contractual deceit under Puerto Rico law known as "dolus or
dolo," making judgment on the pleadings inappropriate.  "Dolus

---

[4] The Court need not, and does not, address whether the
Release is compliant with the OWBPA.

[4]

or dolo is a form of contractual deceit that can serve to
invalidate consent to an otherwise valid contract or
compromise." Citibank Glob. Mkts., Inc., 573 F.3d at 29 (citing
P.R. Laws Ann. tit. 31, § 4828 (providing that a compromise in
which "error, deceit, violence or forgery of documents is
involved, shall be subject to section 3404 of this title"); id.
§ 3404 (providing that "consent given by error, under violence,
by intimidation or deceit shall be void")). "Dolo may occur in
two moments: '(1) dolo in the formation of contracts, and (2)
dolo in the performance of contractual obligations.'" Rivera v.
Marriott Int'l, Inc., CIVIL NO. 19-1894 (GAG), 2020 WL 1933968,
at *8 (D.P.R. Apr. 22, 2020) (quoting Portugues-Santana v.
Rekomdiv Int'l, 657 F.3d 56, 60 (1st Cir. 2011)). In a dolo
formation claim, Ortiz must allege: "(1) a false representation
by the defendant; (2) the plaintiff's reasonable and foreseeable
reliance thereon; (3) injury to the plaintiff as a result of the
reliance; and (4) an intent to defraud." See id. (quotations
omitted).

     Although Ortiz does not allege "dolo" in name, she does
cite to "dolo" case law, and more importantly has plausibly
alleged it in substance. A reasonable inference taken in favor
of Ortiz can be made from the Complaint, Answer, and Release
that: (1) Aon systematically displaced Ortiz within Aon
beginning in 2015, Compl. ¶ 24; (2) in December 2017 Aon offered

[5]

retirement packages to Ortiz and other older employees and fired those employees in May 2017 that did not accept the offer, id. ¶¶ 25-26; (3) Aon improperly terminated Ortiz based on age after she refused the retirement package and replaced her with a younger employee with less experience, id. ¶¶ 28-30; (4) Aon obtained a release from Ortiz to conceal its discriminatory practices, ostensibly by reciting that her termination was the result of a reorganization, id. ¶ 28; Release ¶ 1; (5) Aon employees lied to Aon clients telling them that Ortiz had retired, Compl. ¶ 31; and (6) Aon almost immediately attempted to hire Ortiz back on a contract basis to prevent clients from taking their business to other insurance companies, id. ¶¶ 32-36.

Aon "clarifies" in its Answer that "Ortiz was terminated as part of a bona fide reorganization a reduction in force in order to improve overall service and performance." Answer ¶ 26. But Aon further denies for lack of information whether Aon attempted to hire Ortiz back on a contract basis and the motivations relating to such rehire overtures. Id. ¶¶ 32-36. In the context of the standard of review of a motion for judgment on the pleadings, Aon's allegations made in the answer that contradict Ortiz's complaint are treated as false, Lopes v. Riendeau, 177 F. Supp. 3d 634, 665 (D. Mass. 2016) (Gorton, J.) ("As a result of the obligation to view the facts and reasonable

[6]

inferences in favor of the nonmovant, however, 'the court treats any allegations in the answer that contradict the complaint as false.'") (quoting Goodman v. Williams, 287 F. Supp. 2d 160, 161 (D.N.H. 2003)), and combined with Aon's professed "lack of information" about Aon's attempt to rehire Ortiz, there are disputed questions of fact as to the bona fides of the reorganization, Ortiz's termination, and the concomitant recitals in the Release.  Presuming without ruling that Law 80 claims can be compromised under Puerto Rico law, judgment on the pleadings is inappropriate because there is a dispute as to the formation of the Release under Puerto Rico Law.[5]  Accordingly, judgment on the pleadings of the Law 100 and Law 80 claims, Second and Third Causes of Action, is DENIED.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE

---

[5] While a Law 100 claim can be compromised under Puerto Rico law, Zabala-de Jesus, 2017 WL 972100, at *5, the First Circuit has recognized that it is unclear whether a Law 80 claim can be compromised, Ruiz-Sánchez v. Goodyear Tire & Rubber Co., 717 F.3d 249, 256 (1st Cir. 2013); see Zabala-de Jesus, 2017 WL 972100, at *5 (acknowledging without deciding the "'difficult' interpretive question of whether an employee may waive a Law 80 claim in an extrajudicial compromise").  But see Torres Hernandez v. Lexis Nexis De Puerto Rico, Inc., CIVIL 17-1718CCC, 2018 WL 1468561, at *3 (D.P.R. Mar. 23, 2018) (dismissing Law 80 claim based on defense of release).

[7]